UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DAMARLIN JOHNSON,        )
                         )
             Plaintiff,  )
                         )
v.                       )    16-1218
                         )
B. HENDERSON,            )
                         )
             Defendant.  )

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation for a strip search conducted at Pontiac Correctional Center. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff, a male prisoner, alleges that Defendant, a male correctional officer, ordered him to submit to a strip search while Plaintiff was incarcerated at Pontiac Correctional Center ("Pontiac"). Plaintiff alleges the strip search was conducted in a holding cell near the entrance to the cell house. The search preceded Plaintiff's placement in segregation for disciplinary reasons.

Three female correctional officers were present during this search. Plaintiff alleges that one of the officers was stationed in the "officer's cage" (where Plaintiff alleges a guard is always

stationed) and the other two female officers were positioned in front of the officer's cage. Plaintiff alleges he was ordered to take off his clothing and follow a series of commands that included bending over and spreading his buttocks, and lifting his genitals while in front of these officers. Plaintiff alleges the cell house doors were open during the search.

Plaintiff alleges the search was not performed for emergency purposes, that he expressed his discomfort with disrobing in front of female officers to Defendant, and that a private shower cell was nearby that could have been used to conduct the search.

## ANALYSIS

Strip searches may violate the Eighth Amendment if "the strip search in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security in prisons." *King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015). A strip search "conducted in a harassing manner intended to humiliate and cause psychological pain" can also violate the Constitution, regardless of whether a legitimate reason for the search exists. *Id.*

Plaintiff does not allege that the duration of the strip search lasted longer than was necessary, or that Defendant made any sexually charged or demeaning comments while conducting the search. While the cell house doors remained open, Plaintiff does not suggest that he was forced to expose his naked body to anyone other than the guards who were present. Instead, Plaintiff alleges that the mere presence of female officers during the search violated his constitutional rights.

*Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995), upheld a district court's dismissal of a male detainee's claims where a female guard monitored the detainee while he was naked. The Seventh Circuit noted that nothing about the detainee's claims indicated that he was subjected to

the type of calculated harassment that qualifies as unconstitutional punishment, and that legitimate reasons (equal protection and Title VII) existed for the employment of women in all aspects of prison operations. *Id.* at 147.

Like in *Johnson*, nothing here suggests that the female guards' presence during Plaintiff's strip search was anything more than routine prison administration. By Plaintiff's own admission, a guard is always stationed in the officer's cage. Plaintiff does not allege that the other female guards did anything more than stand nearby during the search. Plaintiff's allegations fail to allege the type of conduct that has been found to state a claim under the Eighth Amendment. *Compare King*, 781 F.3d at 893-94 (prisoner forced to wear a see-through jumpsuit that exposed his buttocks for several hours during transport to another facility while other prisoners were not required to wear similar jumpsuits and guards responded to prisoner's complaints with laughter); *Mays v. Springborn*, 575 F.3d 643, 645 (7th Cir. 2009) (reversing summary judgment for prison officials where prisoner strip searched in front of other inmates by guards who did not change latex gloves between searches of inmates and made demeaning comments during searches); *Canedy v. Boardman*, 16 F.3d 183, 184 (7th Cir. 1994) (male prisoner strip searched by two female guards while ten (10) male guards stood by and watched).

Though no emergency existed at the time of the search, Plaintiff alleges that he was headed to segregation for a disciplinary infraction. Accordingly, prison officials would have had a legitimate reason for conducting the search and for the presence of additional guards for security purposes. Plaintiff has not alleged anything other than a routine strip search on a prisoner who had already violated prison rules. The Court therefore finds that Plaintiff has failed to state a constitutional claim and that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 4th day of August, 2016.

                         *s/James E. Shadid*
                         JAMES E. SHADID
                      UNITED STATES DISTRICT JUDGE